FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 23 2022 ★
BROOKLYN OFFICE

# UNITED STATES DISTRICT COURT
## for the
## EASTERN DISTRICT OF NEW YORK

CV 22-5841      Komitee, J.

In Re: Search Warrant Issued on July 27, 2022

— New Civil Action —

See 22-MJ-798 E.D.N.Y.
7/27/2022 3:03PM
Cheryl L. Pollak, USMJ

I. Plaintiff/Petitioner — Pretrial Detainee
Joshua Adam Schulte
Slave #79471054
MDC
P.O. Box 329002
Brooklyn, NY 11232

II. Requested Relief
A. Compel the government to provide the affidavit(s) behind the illegal July 27, 2022 search warrant to seize Mr. Schulte's discovery laptop so he can file for return of property
B. Move to halt current illegal search of Mr. Schulte's discovery laptop pending review of the Rule 41(g) Motion
C. Motion for return of the discovery laptop (and content) pursuant to Fed. R. Crim. P. 41(g)

III. Statement of Claim:

On June 3, 2022, Mr. Schulte provided his discovery laptop to the government after an on-the-record colloquy in which U.S. Federal Judge Jesse M. Furman of the SDNY told government prosecutors that they were not permitted to conduct any search, but only to provide to their technical team to attempt to repair the laptop; any inadvertent searches or discoveries were not to be reported to the prosecutors; any and all passwords provided by Mr. Schulte were to be used only by technical staff and then promptly destroyed. The government then conducted an illegal search in which they "found" a non-privileged BIOS user account and an encrypted partition on the laptop; these results were immediately reported to the prosecutors. Nearly 2 months later, unknown government agents sought to manipulate and deceive a magistrate judge by filing a yet-to-be-seen affidavit relying upon these facts to conduct a search and seizure of the discovery laptop. The government refused to provide the affidavit.

IV. Argument: Right to Search Warrant Affidavit

Although the Second Circuit does not appear to have addressed whether there is a Fourth Amendment right to examine a search warrant affidavit, other federal courts have recognized such a right. See Rinaldi v. City of New York, 13-CIV-4881 (LAK)(JLC), 2014 WL 2579931, at *4 (SDNY June 10, 2014) (citing out-of-circuit caselaw in support of notion that Fourth Amendment provides right to inspect affidavit to one who challenges the issuance of that warrant, but noting that the Second Circuit has not addressed the issue directly),

report and recommendation adopted, 2014 WL 4626076 (SDNY Sept. 15, 2014); See also United States v. Flaut, 2017 WL 3016794 at *2 n. 3 (EDNY July 14, 2017)(citing Rinaldi for the proposition that the Second Circuit has not addressed whether there is a Fourth Amendment right to access search warrant materials). See also United States v. Cohen, 366 F. Supp. 612, 620-21 (SDNY Feb. 7, 2019)(noting that "[t]he search warrant applications and supporting affidavits are also judicial documents.... [b]ecause a Court necessarily relies upon search warrant applications and supporting affidavits in assessing whether there is probable cause to issue a search warrant.").

One particular out-of-circuit case provides substantial basis, In Re Search Warrants Issued on April 26, 2004, 353 F. Supp. 2d 584 (D. Md. 2004):

there is a constitutional right under the Fourth Amendment to examine the affidavit in support of a search warrant after execution; the government, not the target, must demonstrate compelling government interests in keeping the affidavit under seal; the government must demonstrate that no less restrictive means, such as redaction, is available. Id at 587.

"Without the right of access to that affidavit on which the search warrant was based, the search subject could NEVER make such a challenge." Id at 588. And as noted by Supreme Court Justice William R. Day, the Fourth Amendment protections and the right to challenge unlawful searches "reaches all alike, whether accused of crime or not." Id. at 589. "Furthermore, much of the historical practice surrounding federal search warrants supports the search subject's right to inspect the search warrant affidavit." Id. Finally, the court recognizes the necessity of and right of the search subject to review the affidavit to file a pre-indictment motion for return of property under Fed. R. Crim. P. 41(g), which expressly provides for this mechanism.

Accordingly, there is no reason for the government to hide the search warrant affidavit to prevent Mr. Schulte from filing for return of his laptop and electronic data pursuant to Rule 41(g). The Court should compel the government to provide Mr. Schulte the affidavit forthwith.

V. Motion to halt search team's review of discovery laptop

Due to the privileged nature of the laptop and its contents, as well as the federal prosecutor's unconscionable, bad faith inclusion of facts obtained from an unconstitutional search of the laptop notwithstanding a federal judge's direct order compel this Court to halt the review pending resolution of the Rule 41(g) motion; the government's actions constitute both contempt of court and blatant prosecutorial misconduct.

VI. Fed. R. Crim. P. 41(g)

Upon receipt of the search warrant affidavit and classification review of the June 3, 2022 classified conference (pending), Mr. Schulte will immediately file the 41(g) motion in this Court for return of the laptop and data.

VII. Exhaustion of Administrative Remedies

Immediately after seizure of the laptop, Mr. Schulte filed a BP-8 for its return. Unit Team never returned the BP-8 nor provided Mr. Schulte a BP-9. Accordingly, Mr. Schulte could not progress and administrative remedies should be considered exhausted since they are unavailable.

IX. Previous Lawsuits

Mr. Schulte has filed multiple lawsuits, but none of which have been dismissed — all are currently pending or administratively closed.

X. Certification and Closing

Under Fed. R. Civ. P. 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

PRO SE: I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Sept. 1, 2022

[signature]

Josh Schulte #79471054
MDC
P.O. Box 329002
Brooklyn, NY 11232



AN DETENTION CENTER
, BROOKLYN NY 11232

the letter was processed through
procedures for forwarding to you
if neither been opened nor inspected
if indicated questions or a question over
may be made for further information
return the material for further correspondence
no longer if the sender encloses correspondence
for longer has to another address, please
return the to sender to the sender where

Josh Schulte #74471054
MDC
P.O. Box 329002
Brooklyn, NY 11232

ATTN: NEW CIVIL COMPLAINT
Pro Se Intake Office
U.S. District Court E.D.N.Y.
225 Cadman Plaza East
Brooklyn, NY 11201

LEGAL MAIL

USMS