

*Silvio Mollo Building*
*1 St. Andrew's Plaza*
*New York, NY 10007*

February 3, 2023

**BY ECF**

The Honorable Eric R. Komitee
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza
Brooklyn, New York 11201

    Re:    *Joshua Adam Schulte v. United States of America*,
               **22 Civ. 5841 (ERK)**

Dear Judge Komitee:

The Government respectfully submits this letter to (1) request that exhibits A, B, and C to plaintiff Joshua Adam Schulte's *pro se* motion pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure (D.E. 11) (the "41(g) Motion") be filed under seal, and (2) request that the Government's response to the motion be due March 1, 2023, four weeks from the date that the 41(g) Motion was docketed.

### Background

As summarized in the Government's January 23, 2023 motion to dismiss or stay Schulte's *pro se* complaint seeking injunctive relief with respect to a search warrant (D.E. 9 & 10), Schulte has been charged in the Southern District of New York with various offense relating to espionage, computer hacking, obstruction of justice, contempt of court, and unlawful possession of child sexual abuse materials ("CSAM"). (D.E. 9 at 1-3).

The charges against Schulte arise from his theft and disclosure of classified information from the Central Intelligence Agency ("CIA") in 2016, when Schulte was employed there as a computer programmer; his obstruction of the subsequent investigation; his disclosure and attempts to disclose additional classified information and documents subject to a discovery protective order while in prison following his arrest; and his unlawful possession and transportation of large quantities of CSAM on his home computer.

Schulte was found guilty following trial for making false statements, in violation of 18 U.S.C. § 1001, and contempt of court for violating a discovery protective order, in violation of 18 U.S.C. 401(3), on March 9, 2020. Schulte was found guilty following trial for espionage, in

violation of 18 U.S.C. § 793(e), computer hacking, in violation of 18 U.S.C. § 1030(a), and obstruction, in violation of 1503, on July 13, 2022. Trial on the severed CSAM charges is scheduled to commence before the Honorable Jesse M. Furman, United States District Judge, on September 11, 2023. (*Id.* at 3-4).

In Schulte's criminal prosecution, various orders have been issued to protect sensitive and classified information, including orders that pertain to the sealing of documents. The district court issued a protective order relating to discovery materials, dated September 18, 2017 (Crim. Dkt. 11)[1] (the "Discovery Protective Order"), which is attached hereto as Exhibit A. The district court also entered a number of protective orders relating to the protection of classified information, including a Protective Order Pertaining to Classified Information dated August 16, 2018 (Crim. Dkt. 61) (the "CIPA Protective Order"); a Supplemental Protective Order Pertaining to Classified Information dated December 12, 2018 (Crim. Dkt. 75) (the "Supplemental CIPA Protective Order"); and an Amended Protective Order Pertaining to Classified Information dated March 14, 2022 (Crim. Dkt. 739) (the "Amended CIPA Protective Order"), which is attached hereto as Exhibit B. In addition, the Classified Information Procedures Act, Title 18, United States Code, Appendix 3 ("CIPA"), contains provisions requiring the filing of certain judicial documents under seal. *See, e.g.*, CIPA § 6(d) (requiring transcripts of certain proceedings held pursuant ot CIPA to be filed under seal).

## Schulte's Attempt to Publicly File Sealed Records

In his 41(g) Motion, Schulte attempted to publicly file sealed documents and documents required by protective order to be filed under seal, without having sought permission from the district court that entered the relevant sealing orders. First, Exhibit A to Schulte's 41(g) Motion (41(g) Mot. at 26-40) contains excerpts from a transcript of proceedings held pursuant to CIPA § 6, which is filed under seal. Second, Exhibits B and C to the 41(g) Motion (*id.* at 42-60 and 62-83) contain discovery materials, namely, search warrant affidavits, that were filed under seal and provided to Schulte in criminal discovery subject to the Discovery Protective Order, which requires Schulte to file them under seal. (Ex. A ¶ 7). Because these records are sealed and required to be filed under seal, and because Schulte has neither sought nor obtained relief from the court that issued the relevant orders, the 41(g) Motion should be filed with those exhibits under seal.

### A.      Materials Required To Be Filed Under Seal By the Discovery Protective Order

Paragraph 2 of the Discovery Protective Order provides that "[t]he Government will mark all items subject to this protective order as "USG-CONFIDENTIAL." Paragraph 7 further provides that:

> To the extent the parties seek to rely on the protected materials to
> file a motion to suppress or for other relief, the relevant portion of
> any such motion shall be filed under seal. Similarly, to the extent

---

[1] Citations to "Crim. Dkt." refer to entries in the docket in the criminal prosecution, *United States v. Joshua Adam Schulte*, S3 17 Cr. 548 (JMF) (S.D.N.Y.).

> the parties rely on the protected materials in any other court filing, the relevant portion of any such filing shall be filed under seal.

Ex. A ¶¶ 2, 7. Exhibits B and C to the 41(g) Motion are search warrant affidavits that were produced to Schulte in criminal discovery and are marked "USG-CONFIDENTIAL," and thus are subject to the provisions of the Discovery Protective Order. Accordingly, Schulte was required to file those exhibits under seal or to seek relief from Judge Furman.

Schulte is well aware of the provision of the Discovery Protective Order, having previously been admonished by the Honorable Paul A. Crotty, United States District Judge, for Schulte's prior violations of this same order. In early 2018, Schulte described information in protected discovery materials to a journalist. At a conference convened on May 21, 2018, specifically to address Schulte's disclosure of protected discovery materials, Judge Crotty reiterated the terms of the Discovery Protective Order and admonished Schulte that "[i]f you want to vary the terms of the protective order, your relief is not to do it on your own, Mr. Schulte, but to have your lawyer come into court and explain why there should be a modification of the order. It provides for that in the order itself. That is the only means and method for disclosing information or using information that is subject to the protective order." May 21, 2018 Tr. (Crim. Dkt. 44) at 7. Judge Crotty asked Schulte, "Mr. Schulte, do you understand? Yes?" Schulte answered, "I do now." (*Id.* at 8).

After this admonishment, Schulte continued to disclose protected discovery materials, which led to his being charged with contempt of court for violating the Discovery Protective Order. In August 2018, Schulte—using contraband cellphones that he obtained at the Metropolitan Correctional Center ("MCC")—began communicating with a reporter while pretending to be someone else. In September 2018, Schulte used a contraband cellphone to email the reporter a copy of a search warrant affidavit that had been produced in discovery subject to the Discovery Protective Order. This disclosure resulted in Schulte being charged with, and being found guilty of, contempt of court.

### B.    Material Sealed Pursuant to CIPA

Section 6(d) of CIPA provides that:

> If at the close of an *in camera* hearing under this Act (or any portion of a hearing under this Act that is held in camera) the court determines that the classified information at issue may not be disclosed or elicited at the trial or pretrial proceeding, the record of such in camera hearing shall be sealed and preserved by the court for use in the event of an appeal.

The Amended CIPA Protective Order similarly provides that:

> Pretrial conferences involving classified information shall be conducted in camera in the interest of the national security, be attended only by persons granted access to classified information

and a need to know, and the transcripts of such proceedings shall be maintained under seal.

Ex. B ¶ 26.

On June 3, 2022, Judge Furman held a proceeding pursuant to CIPA Section 6 to address Schulte's request, pursuant to CIPA Section 5, to use classified information at trial. *See* CIPA §§ 6(a) ([T]the United States may request the court to conduct a hearing to make all determinations concerning the use, relevance, or admissibility of classified information . . . . Any hearing held pursuant to this subsection (or any portion of such hearing specified in the request of the Attorney General) shall be held in camera if the Attorney General certifies to the court in such petition that a public proceeding may result in the disclosure of classified information."). Pursuant to CIPA Section 6(d) and the Amended CIPA Protective Order, the transcript of that proceeding was filed under seal.

On November 21, 2022, Judge Furman issued an order for the Government to file a motion for redacted[2] versions of the transcripts of CIPA Section 6 proceedings to remain under seal. (Crim. Dkt. 974). The Government so moved on December 5, 2022 (Crim. Dkt. 975). Schulte did not oppose the motion. An online news publication filed an opposition on December 23, 2022 (Crim. Dkt. 988) and the Government filed its reply on January 5, 2023. (Crim. Dkt. 990). The motion remains pending before Judge Furman.

Thus, Exhibit A to the 41(g) Motion consists of pages from the sealed transcript of a proceeding pursuant to CIPA Section 6. Schulte not only has failed to obtain an order unsealing those pages from Judge Furman, he declined even to oppose the Government's motion to maintain the transcripts under seal pursuant to CIPA § 6(d).

### Request for Relief

As described above, Exhibits A, B, and C to the 41(g) Motion are subject to sealing and protective orders issued in Schulte's criminal prosecution in the Southern District of New York. Those records are required to be filed under seal unless and until Schulte obtains relief from those sealing orders. Moreover, a motion pertaining to the continued sealing of the redacted version of the June 3, 2022 pretrial conference remains pending before Judge Furman, and Schulte did not oppose the continued sealing of the redacted transcripts. Judge Furman has both the authority and the familiarity with the underlying proceedings to address any matters relating to the invocation and application of the relevant sealing orders. Schulte, who has a history of intentionally disregarding court orders, has neither sought nor obtained any relief from the Discovery Protective Order or the Amended CIPA Order, and the exhibits to his motion should be filed under seal in this matter.

---

[2] The unredacted transcripts contain classified information and also remain under seal. Redacted versions of the transcripts, removing classified information, were prepared by the CIA pursuant ot Judge Furman's directive. (Crim. Dkt. 872).

Finally, the Government also requests that the Court grant until March 1, 2023, for the Government to respond to the 41(g) Motion.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

by: _____
Michael D. Lockard / David W. Denton, Jr.
Assistant United States Attorneys
Southern District of New York
(212) 637-2193 / -2274

Cc:     Joshua Adam Schulte
        (by mail)