U.S.D.J. Eric R. Komitee
District Court for the EDNY
225 Cadman Plaza East **FILED**
Brooklyn, NY 11201 IN CLERK'S OFFICE
U.S. DISTRICT COURT EDNY

★ FEB 16 2023 ★

BROOKLYN OFFICE

RECEIVED IN PRO SE OFFICE

FEB 16 2023 ᴄᴍʙ

Donato v. U.S., 22-CV-05841 (EK)(RML) Feb. 13, 2023

Dear Judge Komitee

    I write to request that the Court unseal my Fed. R. Crim. P. 41(g) motion, which the government did not request to be sealed in its letter dated Feb. 3, 2023 — only "exhibits A, B and C." So the motion and remaining exhibits should not be sealed. I also reiterate my previous letter motion request that these exhibits — the illegal search warrants and transcript from 6/3/22 refuting them — are judicial documents with a strong First Amendment and common-law public right of access. The government's claims that I somehow should have known these documents were sealed is absurd — I requested them in this civil action, which has no protective order. The government's attempts to hijack the standing protective order in my pending criminal case to hide their crimes is not lawful; the illegal search warrants conducted at the MDC in 2022 have nothing to do with the 2017 criminal complaint pending trial. There is no indictment or any other motions or proceedings in the criminal case that have anything to do with the illegal 2022 search warrants.

    I also move to amend the complaint. Essentially, I seek to add the Bivens claims which are related misconduct committed by the government. This should not effect the pending Rule 41(g) motion. In the alternative, if the Court is not obliged to accept an amended complaint encompassing all the same actions, then I ask the Court to spin off the Bivens complaint into a separate civil action.

    Finally, I request that the Court assign pro bono counsel. I have already provided substantial evidence for my claims in the Rule 41(g) motion; my claims are legitimate and have a high rate of success. But I am severely limited by my disability in my hand preventing me from writing (it took me 6 months to write the Rule 41(g) motion) which was caused by the government's forcing me to

write with ink cartridges instead of with pens, I have no access to a typewriter or desk to use it, and am further debilitated by the plethora of arbitrary punishment and torture imposed upon me in this concentration camp (which is also pending before this court in 22-CV-00766-EK). I note that other courts, including the civil case before Furman, 21-CV-04042-JMF have granted me pro bono counsel. Fordham University under Michael Martin and Ian Weinstein handled my civil case there and did a phenomenal job, including interns Katherine Busymaster, Gabrielle Diaz, and Michael T. Hamilton, and Isabelle Leipziger. See Dkt 46. I have not spoken to them and do not know whether they can or would want to take this matter, nor do I presume such. I know that they are very busy and selective of their cases, but I have been extremely pleased by their work and am grateful. If not Fordham, I would obviously appreciate any pro bono counsel the court could assign.

Respectfully Submitted,

Josh Schulte

I again ask the court to send me a copy of the docketed amended complaint since I cannot make copies (along with the Rule 41(g) motion)