UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x

JOSH SCHULTE,

                Plaintiff,        **MEMORANDUM & ORDER**
                                          22-CV-5841(EK)(RML)

                -against-

UNITED STATES OF AMERICA,

                Defendant.

------------------------------------x

ERIC KOMITEE, United States District Judge:

        Joshua Schulte is currently incarcerated at the Metropolitan Detention Center in connection with a criminal action pending in the Southern District of New York. *See United States v. Schulte*, No. 17-CR-548 (S.D.N.Y.). Schulte has been convicted of the unlawful disclosure of national security information, and is awaiting trial on certain severed counts alleging the possession of child pornography.

        Proceeding *pro se*, Schulte has filed an action for the return of property under Federal Rule of Criminal Procedure 41(g) — specifically, the return of a laptop Schulte was "given to prepare for his second trial, at which he chose to represent himself." *United States v. Schulte*, No. 17-CR-548, 2023 WL

2614242, at *1 (S.D.N.Y. Mar. 23, 2023).[1]  That laptop was apparently later confiscated from Schulte at the MDC.[2]

The government has moved to dismiss this action. Gov't Mot. Dismiss ECF No. 8.  Although I construe Schulte's *pro se* complaint liberally, *see, e.g.*, *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006), for the following reasons, that motion is granted.

### I. Legal Standard

While Rule 41(g) is a rule of criminal procedure, district courts may hear Rule 41(g) motions outside of criminal proceedings as civil equitable actions. *E.g.*, *De Almeida v. United States*, 459 F.3d 377, 379-80 (2d Cir. 2006); *see generally* 3 Wayne R. LaFave et al., Crim. Proc. § 8.9(a-1) (4th ed. 2022) (discussing the civil and equitable nature of suits against the government seeking the return of property).  Rule 41(g) actions share a lineage with actions seeking the suppression of evidence.  *See id.*; *see also Cogen v. United States*, 278 U.S. 221, 225 (1929) (noting that suits seeking return and suppression of evidence may be brought by "bill in

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

[2] Schulte has also filed in this Court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  *See generally Schulte v. Warden, Metro. Det. Ctr. (MDC)*, No. 22-CV-766 (E.D.N.Y.).  That petition will be addressed separately.

equity"). The predecessor to Rule 41(g) was codified as a "crystallization of [the] principle of equity jurisdiction" allowing such suits. *Smith v. Katzenbach*, 351 F.2d 810, 814 (D.C. Cir. 1965)). Despite this codification in the criminal rules, independent civil actions persisted, chiefly in the pre-indictment context. *See* LaFave et al., *supra*, § 8.9(a-1). After the Supreme Court's curbing of pre-indictment suppression motions in *United States v. Calandra*, 414 U.S. 338, 344-45 (1974), the criminal rules were amended to split the rule governing motions for suppression of evidence (now Rule 41(h)) from motions seeking return of property. *See* LaFave et al., *supra*, § 8.9(a-1).

Thus, this action — a standalone complaint seeking the return of property under Rule 41 — calls for the exercise of equity jurisdiction, which is appropriate "only when there is no adequate remedy at law and the equities favor the exercise of jurisdiction." *De Almeida*, 459 F.3d at 382 (holding that parallel criminal forfeiture proceedings provided an adequate remedy at law, which "justifie[d] dismissal of the Rule 41(g) motion"). Equitable jurisdiction should "be exercised with great restraint and caution since it rests upon the court's supervisory power over the actions of federal law enforcement officials." *Id.*

## II. Discussion

The Court declines to exercise its equitable jurisdiction here for two reasons.

*First*, Schulte not only has, but has already exercised, an adequate remedy at law. He sought the return of this very laptop in his criminal case, through a motion premised on his right to legal resources as a *pro se* defendant (and ostensibly grounded in the Sixth Amendment). *See Schulte*, 2023 WL 2614242, at *1.[3] "[S]o long as there is an adequate alternative remedy available, *such as a criminal proceeding*, a court should ordinarily decline equitable jurisdiction and dismiss a . . . Rule 41(g) motion." *United States v. Rivera-Banchs*, No. 20-CR-6046, 2020 WL 2183098, at *2 (W.D.N.Y. May 6, 2020) (emphasis added); *cf. United States v. One 1987 Jeep Wrangler Auto.*, 972 F.2d 472, 479 (2d Cir. 1992) ("[T]he administrative forum afforded the claimant the opportunity to raise all objections to the seizure and the lack of a judicial remedy deprived him of nothing."). Notably, the Southern District judge already adjudicated Schulte's motion, holding that Schulte had no "right to the laptop." *Schulte*, 2023 WL 2614242, at *1; *see also Zambrana v. Califano*, 651 F.2d 842, 844

---

[3] Schulte apparently has another pending motion in his criminal case seeking a *replacement* for the laptop at issue here. Mot. for Laptop 3, *United States v. Schulte*, No. 17-CR-548 (S.D.N.Y. May 12, 2023), ECF No. 1041.

4

(2d Cir. 1981) ("Generally, principles of comity and judicial economy make courts reluctant to exercise jurisdiction over claims involving the orders of coordinate courts.").

This case thus appears to be on all fours, for all relevant purposes, with *De Almeida*: there is no apparent reason why Schulte's Southern District motion for the return of his laptop would be any less an adequate remedy at law than the New Jersey forfeiture action was in *De Almeida*. Equity jurisdiction is thus improper.

*Second*, it is a basic principle of equity that parties should not be permitted to seek the same relief twice in different courts. *See, e.g.*, *In re SDDS, Inc.*, 97 F.3d 1030, 1041 (8th Cir. 1996) ("Defendants had one full and fair opportunity to litigate these issues in the federal forum, and the rules of equity do not require that they be given a second bite at the apple in the state forum in order to obtain a more favorable result."). Given the Southern District ruling, this is Schulte's second bite at the apple, and the equities weigh against the exercise of jurisdiction. *See Nicholson v. Harris*, No. 18-CV-1147, 2018 WL 7355605, at *4–5 (N.D.N.Y. Nov. 29, 2018) (declining jurisdiction over Rule 41(g) motion where "plaintiff also made four motions to suppress the laptop prior to trial in the Alabama criminal action . . . [and] has had a

5

full and fair opportunity to litigate his claim in Alabama"), *R. & R. adopted*, 2019 WL 689229 (N.D.N.Y. Feb. 19, 2019).

Because I decline to exercise jurisdiction, the dismissal of this action is without prejudice. *See Bernstein v. Hosiery Mfg. Corp. of Morganton*, 850 F. Supp. 176, 185 (E.D.N.Y. 1994) (dismissing without prejudice upon abstaining from exercising jurisdiction); *cf. Forsythe v. Sessions*, 703 F. App'x 57, 58 (2d Cir. 2017) (prudentially declining to exercise jurisdiction and dismissing without prejudice); *Simmonds v. I.N.S.*, 326 F.3d 351, 361 (2d Cir. 2003) (same).

### III. Conclusion

The complaint is DISMISSED without prejudice. The Clerk of Court is respectfully directed to enter judgment and close the case.


SO ORDERED.


    /s/ Eric Komitee    
ERIC KOMITEE
United States District Judge


Dated:   May 25, 2023
         Brooklyn, New York