

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 7, 2023

**BE ECF**

The Honorable Eric R. Komitee
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza
Brooklyn, New York 11201

>   Re:    *Joshua Adam Schulte v. United States of America,*
>            **22 Civ. 5841 (ERK)**

Dear Judge Komitee:

    The Government respectfully submits this letter in opposition to *pro se* plaintiff Joshua Schulte's ("Schulte") motion for reconsideration (D.E. 28) (the "Motion")[1] of the Court's Order dated May 25, 2023 (D.E. 24) (the "Order") dismissing without prejudice Schulte's complaint (D.E. 1) seeking the return of a laptop seized pursuant to search warrant (the "Laptop") and other relief.  In his Motion, Schulte argues that reconsideration is warranted because (1) the Court purportedly refused to permit Schulte to file a reply brief in opposition to the Government's motion to dismiss, and Schulte was denied access to writing materials to draft a reply (Mot. at 1); (2) Schulte has filed a separate action pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), in connection with his allegations relating to the seizure and search of the Laptop (*id.* at1-2); and (3) Schulte argues that the Court's legal basis for dismissal was incorrect and Schulte has no other adequate remedy (*id.* at 2-3).  Schulte's arguments are factually and legally incorrect and the motion should be denied.

**1.      Reconsideration**

    "Reconsideration of a court's previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources," *United States v. Almonte*, No. 14 Cr. 86 (KPF), 2014 WL 3702598, at *1 (S.D.N.Y. July 24, 2014) (cleaned up); and it is "not a vehicle for relitigating old issues, presenting the case under new theories or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.,*

---

[1] The Motion is dated June 6, 2023, but was docketed in this case on August 24, 2023, which is the date on which the Government received notice.  This letter is being filed within 14 days of the date the Motion was docketed in this case.

684 F.3d 36, 52 (2d Cir.2012) (cleaned up). The standard governing reconsideration motions "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citation omitted). A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as vehicle for relitigating issues already decided by the court. *CSX Transp.*, 70 F.3d at 257.

## 2.    Schulte's Opposition to the Motion to Dismiss and Access to Writing Materials

Schulte's Motion points to no newly available evidence, no intervening change of controlling law, and no clear error or manifest injustice. He merely seeks to "relitigate[e] old issues" and "otherwise take a second bite at the apple." *Analytical Surveys*, 684 F.3d at 52. Indeed, Schulte cites no case law in his motion for reconsideration.

Schulte's purported factual basis for his motion for reconsideration—that he was prevented from filing a brief in reply to the motion to dismiss—is wrong. The Government filed its motion to dismiss on January 22, 2023. (D.E. 8.) Schulte filed an opposition to the motion to dismiss dated February 1, 2023. (D.E. 13.) Schulte also filed a motion in support of his request for the return of property dated January 14, 2023 (D.E. 11) and a motion for permission to amend the complaint dated February 13, 2023. (D.E. 15.)[2] Schulte was not entitled to further briefing on the motion to dismiss.

Schulte's contention that he was denied access to writing materials at the Metropolitan Detention Center ("MDC") also appears false.   As the Court is aware, Schulte has filed numerous motions and letters in this case (D.E. 10, 11, 13, 14, 15, 19, 20, 22, 23, 26, 27, 28), including in the time period following the Government's motion to dismiss the complaint. Schulte has also filed numerous letters and motions in a plethora of other pending actions in this District, in his criminal case in the Southern District of New York, and in the Court of Appeals during that time period.  *See, e.g., United States v. Schulte*, S3 17 Cr. 548 (JMF), Dkt. Entry No. 1051 at 5 (May 25, 2023 S.D.N.Y.) (memo-endorsed letter cataloguing numerous *pro se* filings by Schulte between December 2022 and May 2023).

## 3.    Child Sexual Abuse Materials on the Laptop

As an additional basis to deny the Motion, the Government notes that, following the Court's Order, the Honorable Jesse M. Furman, United States District Judge, Southern District of New York, issued further orders relating to Schulte's claim of entitlement to the Laptop or a replacement laptop.   First, Judge Furman inspected materials from the Laptop *in camera* and found that those materials included "child sexual abuse materials and other pornography, and not

---

[2] The Government construes the Court's Order dismissing the complaint as implicitly denying Schulte's motion to amend.

– I should stress – not merely thumbnails, as Mr. Schulte has maintained for months." July 18, 2023 Transcript at 3 in *United States v. Schulte*, S3 17 Cr. 548 (JMF) (S.D.N.Y.). Subsequently, the Government submitted a declaration from an FBI Special Agent regarding the CSAM materials on Schulte's Laptop. *United States v. Schulte*, S3 17 Cr. 548 (JMF), Dkt. Entry No. 1093 Ex. A (Aug. 7, 2023 S.D.N.Y.). Judge Furman found that the declaration "once and for all, put to rest any contention that Defendant was or is entitled to a laptop in connection with preparing for his next trial." *United States v. Schulte*, S3 17 Cr. 548 (JMF), Dkt. Entry No. 1094 (Aug. 7, 2023 S.D.N.Y.). The defendant, assisted in that matter by court-appointed counsel and a computer forensic expert, has not filed a responsive declaration contesting the FBI's findings or Judge Furman's order.

## Conclusion

For the foregoing reasons, the Government respectfully requests that the Motion be denied. The Government also notes, for the Court's awareness, that trial on the child pornography offenses with which Schulte is charged is scheduled to commence in the Southern District of New York on September 11, 2023, and that sentencing on all counts of conviction from the 2020, 2022, and 2023 trials is scheduled for January 10, 2024.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

by: _____
David W. Denton, Jr. / Michael D. Lockard /
Nicholas S. Bradley
Assistant United States Attorneys
(212) 637-2744 / -2193 / -1581

cc:     Joshua Adam Schulte (by U.S. mail)